**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DAVID L. BENNETT, a/k/a Little
David,
*Defendant-Appellant.*

No. 00-4627

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOHN WILLIAM CLEMENTS,
*Defendant-Appellant.*

No. 00-4860

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TRACEY HAIRSTON, a/k/a Uhms,
*Defendant-Appellant.*

No. 00-4874

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

HERMAN LEE JAMES, JR.,
*Defendant-Appellant.*

No. 00-4881

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-198)

Submitted: August 31, 2001

Decided: October 15, 2001

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Andrew A. Raptis, Charleston, West Virginia, for Appellant Bennett;
Nicholas P. Mooney, II, ALLEN, GUTHRIE & MCHUGH, Charles-
ton, West Virginia, for Appellant Clements; Todd A. Twyman,
CRANDALL, PYLES, HAVILAND & TURNER, Charleston, West
Virginia, for Appellant Hairston; Gregory M. Courtright, COLLINS
& COURTRIGHT, Charleston, West Virginia, for Appellant James.
Charles T. Miller, United States Attorney, John J. Frail, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

   In these consolidated appeals, Herman Lee James appeals the life
sentence he received after he pleaded guilty to conspiracy to distribute

and possess with intent to distribute fifty grams or more of cocaine base. *See* 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2000). David L. Bennett and Tracey Hairston entered guilty pleas to possession of a quantity of crack with intent to distribute, *see* 21 U.S.C.A. § 841(a)(1), and they appeal their respective sentences of 121 months imprisonment and 168 months imprisonment. John William Clements entered a guilty plea to distribution of a quantity of crack, *see id.*, and appeals his sentence of 240 months imprisonment. Finding no reversible error, we affirm.

*No. 00-4627*:  Bennett asserts that the district court erred in denying him an adjustment for acceptance of responsibility, *see U.S. Sentencing Guidelines Manual* § 3E1.1, and a reduction under the safety valve provisions, *see* USSG §§ 2D1.1(b)(6), 5C1.2. We find that the court did not clearly err in denying Bennett either the adjustment or the safety valve reduction because Bennett refused to discuss with investigators his association with his co-defendants and to disclose certain sources known to investigators. Because he failed to provide all information he had "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," USSG § 5C1.2(5), Bennett did not meet the requirements for application of the safety valve. Bennett's failure to provide this information likewise was inconsistent with acceptance of responsibility. *See* USSG § 3E1.1, comment. (n.3).

*No. 00-4860*:  Clements contends that the district court clearly erred in determining the drug quantity for which he was responsible, *see* USSG § 2D1.1(a)(3); in giving him a two-level weapon enhancement, *see* USSG § 2D1.1(b)(1), and a two-level role adjustment, *see* USSG § 3B1.1(c); and in denying him a reduction for acceptance of responsibility. We find no error. The district court credited the witnesses who testified at sentencing concerning the amount of crack and the firearm that Clements possessed during the conspiracy, and the court's factual findings in this regard are not clearly erroneous. *See United States v. Fisher*, 58 F.3d 96, 100 (4th Cir. 1995) ("Issues involving the quantity of drugs properly attributable to a defendant are typically questions of fact for resolution by the district court, and we will overturn the district court's determinations only if they are clearly erroneous. Similarly, the credibility of a testifying co-conspirator is for the sentencing judge to assess." (citation omitted)).

Because Clements was sentenced to 240 months imprisonment, the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not implicated. And although Clements objected to the role adjustment recommended in the presentence report, he made no attempt to show that the information in the presentence report supporting the adjustment was unreliable or incorrect. Thus, the district court was not required to make a specific finding before adopting the recommendation. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). In any event, as noted by the district court, Clements would have received the same sentence even without the role adjustment. Finally, the district court found that Clements had not accepted responsibility for his criminal conduct because he contested drug amounts that were easily proved. We find no error in this determination. *See* USSG § 3E1.1, comment. (n.1(a)) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.").

*No. 00-4874*:   Hairston challenges the district court's finding that he possessed a firearm during the offense, arguing that there was no evidence that he used the firearm in a drug-related activity. The evidence contained in the presentence report and presented at the sentencing hearing was sufficient to satisfy the government's burden of proving that Hairston possessed a firearm and the firearm's probable connection to the drug offense. *See United States v. Payne*, 81 F.3d 759, 862 (8th Cir. 1996); USSG § 2D1.1, comment. (n.3) (explaining that the firearm enhancement should be applied if a weapon is present "unless it is clearly improbable that the weapon was connected with the offense."). We therefore cannot conclude that the district court clearly erred by making the enhancement. Hairston also seeks to file a pro se supplemental brief in which he claims that the district court erred in not giving adequate notice of the role adjustment, that it lacked jurisdiction to sentence him on the basis of 500 grams of crack when no quantity was charged in the indictment, and that the court should have sentenced him for a misdemeanor. We grant Hairston's motion to file a pro se brief, but find no merit in these claims.

*No. 00-4881*:   James first contends that the district court erred in using the self-incriminating statements he gave pursuant to his plea agreement to determine the drug quantity for which he was responsi-

ble and to deny him a reduction for acceptance of responsibility. Under USSG § 1B1.8, self-incriminating statements made by a defendant pursuant to a cooperation agreement may not be used to determine the applicable guideline range, although the government is free to use information that was known to the government before it entered into the cooperation agreement. Because James did not object at trial to the government's use of his statements, we review the issue for plain error. *See, e.g.*, *United States v. Rolle*, 204 F.3d 133, 138 (4th Cir. 2000). The district court's written order suggests that the drug quantity was determined solely by reference to James's debriefing statements. The transcript of the sentencing hearing, however, indicates that the quantity determination was an estimate derived from the testimony of three witnesses who testified at the sentencing hearing and were specifically found credible by the district court. *See* J.A. 304-05. The transcript establishes that the district court relied on the debriefing statements, if at all, merely to show that the quantity it attributed to James was a conservative estimate of the amount established at the hearing. Under these circumstances, it is difficult to conclude that the district court erred at all, much less that the error was plain. Moreover, the testimony of the witnesses found credible by the district court fully supports the district court's determination that James was responsible for at least 1.5 kilograms of cocaine base. Therefore, even if we were to conclude that the district court erred, James could not establish that he was prejudiced by the error. *See* *United States v. Stewart*, 256 F.3d 231, 255 (4th Cir. 2001) ("Under plain error review, the burden is upon the defendant to prove that the error was not harmless.").

For similar reasons, we also reject James's argument that the district court erred by concluding that James had not accepted responsibility for his conduct. James's testimony at the sentencing hearing was completely inconsistent with the testimony of the three witnesses that the district court found to be credible. Therefore, without regard to the debriefing statements, James's testimony at the hearing provided the district court with a sufficient basis for denying the acceptance-of-responsibility reduction. *See* USSG § 3E1.1, comment. (n.1(a)) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.").

Finally, James contends that, under *Apprendi*, it was error to increase his sentence for possession of a firearm and for his leadership role in the offense when neither fact was charged in the indictment and proved beyond a reasonable doubt. This argument is without merit. James pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of crack, which subjected him to a statutory maximum sentence of life imprisonment under 21 U.S.C.A. § 841(b)(1)(A). Sentencing enhancements that do not increase the statutory maximum do not implicate *Apprendi*. *See United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001). Because neither the firearm enhancement nor the role adjustment increased James's sentence beyond the statutory maximum, no *Apprendi* error occurred.

We therefore affirm the sentences imposed on the Appellants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*